THE PEOPLE OF THE STATE OF NEW YORK ᴇx
ʀᴇʟ. THE MILLS WATER–WORKS COMPANY, Aᴘᴘᴇʟ-
ʟᴀɴᴛs, *v.* JOHN G. FORREST ᴀɴᴅ Oᴛʜᴇʀs, Assᴇssoʀs,
ᴀɴᴅ THOMAS J. GAMBLE, Sᴜᴘᴇʀᴠɪsoʀ ᴏꜰ ᴛʜᴇ Tᴏᴡɴ ᴏꜰ
Mᴏᴜɴᴛ Mᴏʀʀɪs, Rᴇsᴘᴏɴᴅᴇɴᴛs.

*Taxation — construction of an agreement exempting a water-works company from vil-
lage taxes — the fact that a private corporation furnishes water to a village does not
entitle it to exemption from taxation.*

The relator, a private corporation organized in pursuance of the statutes providing
for the formation of water-works companies, entered into an agreement with a
village by which it agreed to supply the latter with water for extinguishing
fires and two water troughs and drinking fountains.   The village agreed in
consideration thereof to pay a stipulated yearly rental, and " that the said
water-works are to be exempt from all corporation taxes" during the continu-
ance of the agreement.   The company also supplied water to the residents of
the village for pay, applying the receipts therefrom to its own private uses.

*Held*, that although the agreement exempted the corporation from taxation by the
village, it did not relieve it from its liability for town, county and State taxes.

That it was not entitled to claim exemption from such last mentioned taxes on
the ground that it was one of the necessary means or agencies for the carrying
on of the village government, or that its property was held for specific public
uses in trust for governmental purposes.

Aᴘᴘᴇᴀʟ from an order made at a Special Term, denying the peti-
tion of the relator.

The relator obtained a *certiorari* to review an assessment made
by the assessors of the town of Mt. Morris upon its property.
Upon the hearing the prayer of the petition was denied and the
assessment was held to be valid.   The proceeding was brought
under chapter 269 of the Laws of 1880.

The relator is a private corporation organized pursuant to the
statute in relation to the formation of water-works companies, passed
in 1873 and amended in 1876.   (See chap. 737, Laws of 1873, and
chap. 415, Laws of 1876.)   The Water-Works Company made a con-
tract with the village to furnish water for extinguishing fires and
for two water troughs and drinking fountains.   The contract was
made in pursuance of the power conferred upon villages generally
by chapter 129 of 1879, and upon the village of Mt. Morris specially
by chapter 365 of that year.   By the contract the village agreed to

PEOPLE ex rel. WATER–WORKS CO. v. FORREST.    549

Fourth Department, April Term, 1883.

pay an annual rent therein specified, and as a part of the consideration the contract provided "that the said water-works are to be exempt from all corporation taxes during the continuance of this agreement." The company besides fulfilling this special contract was engaged in the business of supplying water to the inhabitants of Mt. Morris for pay, enjoying the receipts as private gains.

*W. A. Sutherland*, for the relator, appellant.

*J. A. & J. R. Vanderlip*, for the assessors, respondents.

*T. J. Gamble*, for the supervisor, respondent.

HARDIN, J.:

In the matter of the application of George W. Phelps for a *mandamus* to the trustees of Mt. Morris, we held that a taxpayer in the village of Mt. Morris could not compel the village authorities to lay an assessment for municipal purposes upon the Water-Works Company, as the company held a valid contract, made with the corporation, exempting it from taxation by the village of Mt. Morris. (*In Matter of Phelps*, 25 Hun, 60.) Presumptively this corporation is liable to taxation for town, county and state taxes. (1 R. S., 387, § 1.) Under the general rule that private corporations are liable to assessment and taxation this company would fall. (*People ex rel. M. F. Ins. Co.* v. *Comrs.*, 76 N. Y., 73; *The People ex rel. The New York Elevated Railroad* v. *Comrs.*, 82 id., 465.) The burden, therefore, of establishing its right to exemption is cast upon the appellant. The principle laid down by the Court of Appeals in the *City of Rochester* v. *The Town of Rush* (80 N. Y., 307) is invoked. We think the principle of that case does not aid the appellant.

There the reservoir was erected for the public benefit, and was held by the city of Rochester for public purposes, and as there was no legislative declaration that it should be subjected to taxation, it was held to be exempt and that the tax imposed by the town was illegal. Here it is the duty of the appellant to show a statute or some general principle of law or of public policy to make out its right to exemption. (*People ex rel.* v. *Comrs.*, 82 N. Y., 465.)

The property of the appellant was not brought into existence by money raised by taxation, as in the other case of the property sought to be taxed in the *City of Rochester* v. *Rush* (*supra*). Nor was the property brought into existence by a municipality as a part of the machinery needed to carry forward its functions as an agent of the state in its governmental relation to the state. (*City of Louisville* v. *Commonwealth*, 1 Duvall, 297.) It was not a part of the political power of the state.

Nor was the property, made subject to taxation, "necessary to the operations of the government," as insisted by the counsel for the appellant. If the property in question was a necessary instrument of government or a necessary operation of the government, then the principle laid down in *Osborn* v. *United States Bank* (9 Wheat., 738) and kindred cases would be applicable.

Nor was the property held for "specific public uses in trust for governmental purposes" so as to bring it within our decision in *Leonard* v. *Reynolds* (7 Hun, 73).

Constructing water-works for the purpose of supplying municipalities, or the citizens thereof, may be entirely meritorious and commendable and promote [the public good; yet the object in this instance is to put gains and profits into the pockets of the stockholders. This corporation, like many others that could be instanced, such as railroad companies, turnpike companies, telegraph companies, may serve the public municipality for pay, or its citizens, yet the organization has for its principal object the realization of profits for its stockholders. Before such a corporation shall be withdrawn from the field of taxation there must be a clear legislative intent.

None such appears. The general statute subjects it to taxation, and we cannot say because it sells water to a municipality, or to its citizens, that public policy requires its exemption from taxation. We concur with the learned judge, who said in his opinion at Special Term, viz.: "The true rule in regard to taxation in such cases is, that a private corporation, occupying or using the property for purposes of private gain, is not exempt from taxation, although the corporation may perform a public duty or insure a public use. (*Rex* v. *Terrott*, 3 East., 506,; *Reg.* v. *Shee*, 4 Adol. & E. [N. S.], 2; *Mersey Docks* v. *Cameron*, 11 H. L. C., 479 ; *Railroad Company*

v. *Penniston*, 18 Wall., 5, 31; see, also, *West. Union Tel. Co.* v. *Texas*, 26 Alb. Law Jour., 229.)

We think the order should be affirmed, with ten dollars costs and disbursements.

Smith, P. J., concurred.

Present — Smith, P. J., Hardin and Haight, JJ.

Order appealed from affirmed, with ten dollars costs, to be divided between the respondents, and disbursements.